**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CHARLES S.[1], <br>     *Plaintiff*, <br><br>     v. <br><br> KILOLO KIJAKAZI, Comm'r of Soc. <br> Sec., <br>     *Defendant*. | )<br>)<br>)   3:25-CV-1347 (OAW)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER AFFIRMING DECISION OF THE COMMISSIONER</u>

This matter is before the court upon Plaintiff's Motion to Reverse the Decision of the Commissioner[2] and its supporting memorandum ("Motion to Reverse"), *see* ECF Nos. 12 and 13, as well as Defendant's responsive Motion to Affirm the Decision of the Commissioner ("Motion to Affirm," and together with the Motion to Reverse, "Motions"), *see* ECF No. 17. The court has reviewed the Motions, the administrative record, *see* ECF No. 11, Plaintiff's reply brief, ECF No. 18, and the record in this matter and is thoroughly apprised in the premises. For the reasons discussed herein, the court **<u>AFFIRMS</u>** the decision of the Administrative Law Judge ("ALJ").

## I.    <u>LEGAL PRINCIPALS</u>

The Commissioner employs a five-step analysis when determining whether an individual is entitled to disability insurance pursuant to the Social Security Act. *Bowen v.*

---

[1] Pursuant to this district's standing order (issued January 8, 2021) regarding social security cases (available at: https://www.ctd.uscourts.gov/sites/default/files/adminOrdersOCR/21-1_Standing%20Order%20Re%20Social%20Security%20Cases_6.pdf) (last visited Apr. 30, 2026), the court will identify Plaintiff as such (or by first name and last initial), "[t]o protect the privacy interests of social security litigants while maintaining public access to judicial records". *Melissa C. v. Kijakazi*, 2023 WL 154893 (RMS), at *19 (D. Conn. Jan. 11, 2023).

[2] All references to the "Commissioner" in this order shall refer to the Commissioner of Social Security.

*Yuckert*, 482 U.S. 137, 140 (1987).  At step one, the Commissioner evaluates whether the applicant is engaged in "substantial gainful activity," and if they are so engaged, the application is denied.  *Id.*  If they are not so engaged, then the Commissioner proceeds to step two and determines whether the applicant has a medically severe impairment or combination of impairments.  *Id.* at 140–41.  Without such impairment(s), the application is denied.  *Id.*  If the applicant's impairment is severe, then the Commissioner proceeds to the third step, at which the Commissioner consults a list of impairments that are presumptively disabling (the "Listings"), and if the applicant's impairment matches a condition on that list, their application is granted.  *Id.*  If the applicant's impairment is not in the Listings, then the analysis proceeds to the fourth step, at which the Commissioner determines whether the applicant's impairment or combination of impairments prevents them from performing work they have performed in the past.  If not, then the application is denied.  *Id.*  If so, the Commissioner proceeds to the fifth and final step and determines whether there is any other work available in the national economy that the applicant could perform, given their impairment, age, education, and work experience.  *Id.* at 142.  If so, then the application is denied, and if not, then the application is granted.  *Id.*

District courts may set aside a disability determination only if it is "based upon legal error or is not supported by substantial evidence."  *Moreau v. Berryhill*, No. 17-cv-396 (JCH), 2018 WL 1316197, at *3 (D. Conn. Mar. 14, 2018) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)).  If the court finds that the Commissioner has applied an incorrect legal standard, or if there are significant gaps in the administrative record, the court may remand for further review by the Commissioner. *See Lepak ex rel. Lepak v. Barnhart*, 206 F. Supp. 2d 389, 392 (W.D.N.Y. 2002) (citing *Parker v. Harris*, 626 F.2d

225, 235 (2d Cir.1980)).   Absent such legal error or want of a comprehensive factual record, though, the stringent legal standard, which is "even more [deferential] than the 'clearly erroneous' standard [of review]" demands that the Commissioner's decision be affirmed.  *Brault*, 683 F.3d at 448 (quoting *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

II.     **DISCUSSION**

On November 28, 2022, Plaintiff applied for disability insurance benefits for an alleged disability which began in April 2020.  ECF No. 11 at 17. [3]  His application was initially denied in June 2023, and upon reconsideration in October 2023.  *Id.*  He requested a hearing before an ALJ, which was held in December 2023.  *Id.*  Following the hearing, the ALJ issued her findings of fact and conclusions of law.  She found that Plaintiff did have several severe physical impairments (disorders of the vestibular system and peripheral neuropathy), *id.* at 20, but concluded that these impairments were not in the Listings.  She found that Plaintiff had the RFC to perform medium work, but with limited lifting, carrying, pushing, or pulling; up to six hours (each eight-hour work day) of sitting, standing, or walking; occasional balancing and climbing stairs, but never climbing ladders, ropes, or scaffolds; avoidance of concentrated exposure to vibrations; and total avoidance of hazards, unprotected heights, and dangerous moving machinery, *id.* at 22.  This RFC caused the ALJ to conclude that Plaintiff is capable of his past relevant work: Manager, Internal Security.  Accordingly, Plaintiff was not entitled to the benefits he sought.

---

[3] Citations to the administrative record will refer to the record pagination (Social Security Transcripts), and not the pagination assigned by the electronic case filing system (CM/ECF).

Plaintiff argues that the ALJ committed legal error by (1) failing to account for his mild mental restrictions in arriving at his RFC and (2) failing to state a clear assessment of the medical opinion of Dr. Patrick Russolillo.

The court disagrees.  Although the ALJ did not mention Plaintiff's mental limitations in her formal finding of his RFC, she did elsewhere address them, both individually and in the aggregate, finding that his "mental impairments . . . considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work . . . ."  *Id.* at 21.  She further stated that she considered all severe *and non-severe* impairments, but concluded that "[t]he evidence does not support a finding of any additional functional limitations other than those included in Finding 6 [the formal RFC finding]."  *Id.* at 22.  Thus, contrary to Plaintiff's assertion, this is not a case where the ALJ wholly failed to consider his mental impairments.  The record is clear that she did consider his mental impairments, but concluded that they were so mild as to present no functional limitations.  Plaintiff's first argument therefore fails.

And with respect to Dr. Russolillo's medical opinion, though the ALJ did not explicitly state that she credited it, she several times referred to it to support her conclusions.  She cited to Dr. Russolillo's cognitive assessment of Plaintiff, in which Plaintiff returned an average score, but showed some difficulty maintaining attention and concentration, to support her conclusion that he has only mild limitations in understanding, remembering, or applying information; and in concentrating, persisting, or maintaining pace.  *Id.* at 21. She also incorporated into her findings Dr. Russolillo's observation that Plaintiff presented as conversant and pleasant, supporting her conclusion that Plaintiff has only mild limitations interacting with others.  *Id.*  And she

4

specifically noted that her conclusion that Plaintiff has only mild mental limitations was consistent with Dr. Russolillo's examination.  *Id.* at 25.  Thus, she clearly did not reject his opinion, but rather considered it and relied upon it.[4]   Therefore, Plaintiff's second argument also must fail.

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1.  The Motion to Reverse the Decision of the Commissioner, ECF No. 12, is **DENIED;**

2.  The Motion to Affirm the Decision of the Commissioner, ECF No. 17, is **GRANTED;** and

3.  The court respectfully requests that the Clerk of Court enter judgment in Defendant's favor and **CLOSE** this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 1st day of May, 2026.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[4] Indeed, it is unclear what else the ALJ ought to have said about Dr. Russolillo's assessment, which noted only those mild limitations the ALJ included in her findings of fact, and which concluded that Plaintiff's prognosis was "[g]ood with behavioral health treatment."  ECF No. 11 at 886.